NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JONATHAN MOISES FLORES-TORRES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-477

Agency No.
A202-144-921

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2023
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and ANTOON, District Judge.**

Jonathan Moises Flores-Torres, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying deferral of removal under the Convention Against Torture (CAT). We review the denial of CAT relief for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable John Antoon, United States District Judge for the Middle District of Florida, sitting by designation.

"Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA denied relief because Flores-Torres was not credible and because he failed to meet his burden under CAT. We need not and do not reach the adverse credibility determination because we find that even assuming Flores-Torres was credible, substantial evidence supports the denial of CAT relief.

"To qualify for CAT relief, a petitioner must show that [he] more likely than not will be tortured if [he] is removed to [his] native country." *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.18(a)(1)).

Flores-Torres argues that the BIA failed adequately to address his expert's testimony. We discern no error. Dr. Robert Kirkland testified that MS-13 would seek to harm Flores-Torres because he (1) resisted gang recruitment and (2) witnessed the murder of his brother. But the BIA agreed with the IJ that Flores-Torres did not provide evidence that gang members remain interested in harming him, citing the fact that his "alleged harm occurred many years ago." The BIA further noted that "country condition evidence, including statistics of similarly

situated individuals, did not demonstrate a clear probability of an individualized risk of harm." The BIA sufficiently addressed the evidence in support of Flores-Torres's claim that he would face torture in El Salvador due to his past encounters with MS-13.

The BIA's analysis was not, as Flores-Torres asserts, limited to the assumption that he would be considered a member of a rival gang. Rather, the BIA mentioned this as one factor among several for discounting the likelihood of future torture. Nor did the BIA fail to evaluate Flores-Torres's "overall risk of being tortured." *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155 (9th Cir. 2022) (quoting *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011)). The BIA and IJ both considered the "aggregate risk of torture from all sources," and concluded that Flores-Torres did not meet his burden for establishing eligibility for deferral of removal under CAT.

Additionally, even if Flores-Torres established a likelihood of torture, the record does not compel the conclusion that such torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (quoting 8 C.F.R. § 1208.18(a)(1)). Though Dr. Kirkland did suggest "some government officials" might acquiesce in Flores-Torres's harm if they perceived him as a gang member, the BIA's conclusion that Flores-Torres would not be seen as a gang member by the government of El Salvador is supported by substantial evidence. And the BIA reasonably determined that the

Salvadoran government is engaged in efforts to combat violence and that "general ineffectiveness" in the government's response "will not suffice to show acquiescence" to torture. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

Accordingly, substantial evidence supports the denial of CAT relief.[1]

**PETITION DENIED.**

---

[1] Flores-Torres's motion for stay of removal is denied as moot.